## In re CRUIKSHANK.

(Circuit Court, S. D. New York. March 6, 1893.)

1. CUSTOMS DUTIES—CLASSIFICATION—SIERRA LEONE BIRD PEPPER.

Sierra Leone bird pepper unground is dutiable under paragraph 326 of the tariff act of October 1, 1890, at 2½ cents per pound, as Cayenne pepper unground, and is not within paragraph 560 of the free list exempting from duty "spices, vegetables, seeds aromatic and seeds of morbid growth, weeds, woods used expressly for dyeing; any of the foregoing which are not edible, and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially provided for in this act."

2. SAME—DEFINITIONS.

"Foregoing" in paragraph 560 refers to all the articles therein enumerated.

3. SAME.

"Edible," as applied to spices, in paragraph 560, means spices which are eaten as a sauce or condiment and not as a food product capable of sustaining life.

Appeal by the Importer from a Decision of the Board of United States General Appraisers affirming a decision of the collector of the port of New York. Affirmed.

Statement by COXE, District Judge:

The decision of the board is as follows: "The merchandise in question is invoiced as Sierra Leone bird pepper. The appraiser returned the same as Cayenne pepper unground, and the collector assessed duty upon it at two and one half cents per pound, under paragraph 326, Act October 1, 1890. The appellant claims in his protest that the merchandise is entitled to free entry as spices 'not edible, in a crude state, and not advanced in condition by refining or grinding or any other process. Cayenne pepper is a preparation from the dried fruit of various species of capsicum. The bird pepper or chilies in question are a species of capsicum, and we find from the testimony of witnesses who appeared before us that it is of a kind largely used in the manufacture of Cayenne pepper. Without giving further consideration to what class of merchandise congress intended to cover by the term 'Cayenne pepper unground,' we hold that the claim of the importer that the merchandise in question is a spice which is not edible is not well taken. The protest is accordingly overruled, and the action of the collector stands." Subsequently the board made a further return as follows: "First. They find that the merchandise subject of this proceeding is a spice, and that it is edible. Second. They find that the said merchandise is in a crude state, and not advanced in condition by refining or grinding or any other process." The provision of the new tariff act under which the importation was classified by the collector is subdivision b of paragraph 326. It reads as follows: "Cayenne pepper, two and one half cents per pound, unground." Paragraph 560 of the free list under which the importer insists his merchandise should have been classified, so far as it is applicable to the present controversy, reads as follows: "Spices, vegetables, seeds aromatic, and seeds of morbid growth, weeds, and woods used expressly for dyeing; any of the foregoing, which are not edible and are in a crude state, and not advanced in value or condition, by refining or grinding, or by other process of manufacture, and not specially provided for in this act." The importer insists that the merchandise in question is a spice unground, not edible, and in a crude state. After the board made its last return, additional evidence was taken in this court.

Albert Comstock, for importer.

Thomas Greenwood, Asst. U. S. Atty., for collector.

COXE, District Judge, (after stating the facts as above.) I cannot think that the appellant is right in his contention that the limiting clause, "any of the foregoing which are not edible," has no application to spices. There is no reason for excepting spices which does not apply with almost equal force to each of the other enumerated articles. They are all "foregoing." The statute, therefore, so far as it relates to the present controversy, should read as follows:

"Spices, not edible and in a crude state, and not advanced in value or condition, by refining or grinding, or by other process of manufacture, and not specially provided for in this act."

A spice entitled to free entry under this paragraph must, therefore, possess the following qualities: First, not edible; second, crude; third, not advanced in value or condition; fourth, not elsewhere provided for. The appraisers do not in terms decide whether the appellant's importation is, eo nomine, provided for under paragraph 326; but, in other respects, they find that it possesses all the requirements necessary to a position on the free list save one,—it is edible. An edible spice is not free. Congress has recognized the existence of an edible spice not only by providing for spices which are not edible, but by levying duties (paragraphs 713–720) upon certain spices which, clearly, must be considered as edible. The adjective "edible" found in this connection must be considered as a relative term qualified somewhat by the noun which follows it. As applied to spices it means a spice which is eaten as spices are eaten; namely, as a sauce, a condiment, a relish, not as a food product, capable of sustaining life. We speak of edible fruits and edible meats; we also speak of edible oils and edible salts; but no one supposes that the adjective is used in the same sense regarding all of these, or that when so used it is intended to convey the idea that the salt and oil are eaten in the same manner as the fruit and meat. It is fair to assume that this distinction was in the legislative mind when the tariff law was enacted. If the word has this significance in paragraph 560 the decision of the board should not be disturbed. The burden was on the importer to establish the allegation of the protest that the bird pepper imported by him was not edible. The appraisers' decision, in substance, is that he failed to sustain this burden, not having satisfied them that his merchandise was not edible. The finding that the peppers in question are edible is not so clearly against the weight of evidence as to justify the court in setting the decision aside. Affirmed.